DAVID B. RICHARDSON
LAW OFFICES OF
DAVID B. RICHARDSON, P.S.
2135 112TH AVENUE, N.E.,
SUITE 200
BELLEVUE, WA 98004
PHONE: 425-646-9801
FAX: 425-451-2661
EMAIL: david@dbrlaw.com

*Attorneys for Plaintiffs**

**Additional Counsel Listed on Signature Page*

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LUCIA FLORES, DONNA RUCKER, JASON STEBBINS, SANDY WHITE, JULIE BLOOM STEBBINS, CHERI ANNE CLARKE, and, BECKY WHITE, individually and on behalf of all others similarly situated, <br><br> *Plaintiffs,* <br><br> v. <br><br> AMAZON.COM, INC., and AMAZON.COM SERVICES, INC. <br><br> *Defendants.* | CASE NO. <br><br> **CLASS ACTION COMPLAINT** <br><br> Filed:     June 10, 2021 <br><br> ***JURY TRIAL DEMANDED*** |

Plaintiffs, Lucia Flores, Donna Rucker, Jason Stebbins, Julie Bloom Stebbins, Cheri Ann Clark, Sandy White, and Becky White ("Plaintiffs"), by their undersigned attorneys, on their own behalf and on behalf of all others similarly situated, upon personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters, brings this action against Defendants Amazon.com, Inc. and Amazon.com Services, Inc. (collectively, "Amazon" or "Defendants") for its violations of Plaintiff's privacy rights guaranteed under the Illinois Biometric Information Privacy Act, 740 ILCS 14/*et seq* (hereinafter "BIPA"), and alleges as follows:

### NATURE OF THE ACTION

1. Amazon – an online marketplace for various products and services – offers its "Alexa" voice-based virtual assistant, which constantly listens for voice commands, questions, setting changings, etc. Alexa is always on and always listening unless the user specifically turns off the microphone.

2. Over 100 million Alexa-capable devices have been sold as of January 2020,[1] with that number only growing by the day as more and more users turned to Amazon and Alexa for their shopping needs during the COVID-19 pandemic.[2]

3. These devices with embedded Alexa include innumerable types of products such as Amazon's own smart speakers, tablets, glasses, rings, headphones, watches, and displays, not to mention a vast array of smart items manufactured by other companies, such as smartphones, TVs, light switches, thermostats, door locks, and even light bulbs – to name but a few.[3]

4. Alexa listens to users, records users' voices, and responds to users' voice commands using speech and voice recognition technology. Alexa uses the users' voice recordings to answer the users' questions and fulfill the users' requests.[4] Alexa even learns from users'

---

[1] https://www.cnet.com/home/smart-home/amazon-sees-alexa-devices-more-than-double-in-just-one-year
[2] https://www.geekwire.com/2020/amazon-alexa-leader-covid-19-sparked-huge-increase-use-voice-home/
[3] https://www.reviewed.com/smarthome/features/everything-that-works-with-amazon-echo-alexa
[4] For example, "Alexa, what is the weather like today?"

recordings by analyzing search and voice patterns to dissect the meaning of the words users have said.[1]

5. In an effort to improve the voice and speech recognition technology, Amazon retains every voice recording created by the user and any individual who happens to be speaking near the Alexa device.[2] In other words, every time someone with an Alexa-enabled device says, "Alexa, how warm will it be today?" Amazon keeps a recording of the user speaking those words, unless the user actively goes into their Alexa and Amazon accounts and deletes them.

6. Recognizing the need the need to protect its citizens from situations like these, Illinois enacted the Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, specifically to regulate companies that collect and store Illinois citizens' biometrics.

7. Biometric identifiers include retina or iris scans, fingerprints, voiceprints, and scans of hand or face geometry. Unlike other unique identifiers like social security numbers, biometrics can never be changed if compromised.

8. Amazon's Alexa devices collect voiceprints, one of the specifically enumerated forms of biometric identifiers set for in BIPA, from any and all persons who speak in its vicinity after a triggering word has been uttered.[3]

9. Alexa Devices capture, collect, and retain the voiceprint of any and all people who speak near Alexa devices regardless of age or affiliation with Amazon.

10. Under BIPA, when companies like Amazon decide to retain biometric identifiers or biometric information, they are required to develop a written policy, available to the public, establishing a retention schedule and guidelines for permanently destroying the biometric identifiers and biometric information when the initial purpose of collecting or obtaining such

---

[1] https://www.rd.com/article/is-alexa-really-always-listening/
[2] https://www.zdnet.com/article/amazon-confirms-alexa-customer-voice-recordings-are-kept-forever/#:~:text=Amazon%20confirms%20Alexa%20customer%20voice%20recordings%20are%20kept%20foreverThat%20is%20unless&text=Amazon%20has%20confirmed%20that%20the,unless%20users%20manually%20remove%20them.
[3] https://www.amazon.com/gp/help/customer/display.html?nodeId=GYCXKY2AB2QWZT2X

3

identifiers has been satisfied, or within three years of the individual's last interaction with the private entity, whichever occurs first.

11. Such companies must also obtain informed consent to users in order to collect, capture, purchase, receive through trade, or otherwise obtain a person or customer's biometric identifiers or biometric information, the company must first:

   a. Properly inform the subject and others similarly situated in writing of the specific purpose and length of time for which their biometric identifiers or information were being collected, stored, disseminated and used, as required by BIPA;

   b. Provide a publicly available retention schedule and guidelines for permanently destroying the subjects and other similarly-situated individuals' voiceprints, fingerprint or face scan(s), as required by BIPA;

   c. Receive a written release from the subject and others similarly situated to collect, store, disseminate or otherwise use their voiceprints, fingerprint or face scan(s), as required by BIPA; and

   d. Obtain consent from the subject and others similarly situated to disclose, redisclose, or otherwise disseminate their biometric identifiers and/or biometric information to a third party as required by BIPA.

12. Unfortunately, Amazon disregards these statutorily imposed obligations and fails to inform persons that a biometric identifier or biometric information is being collected or stored and fails to secure a written release executed by the subject or the subject's legally authorized representative.

13. Accordingly, this Complaint seeks and Order: (i) requiring Amazon to cease the unlawful activities discussed herein; and (ii) awarding actual and/or statutory damages to Plaintiff and the proposed Class.

### THE PARTIES

14. Plaintiff Lucia Flores is, and at all times mentioned herein has been, an individual citizen of the State of Illinois. Ms. Flores currently resides in Chicago, Illinois.

15. Plaintiff Donna Rucker is, and at all times mentioned herein has been, an individual citizen of the State of Illinois. Ms. Rucker currently resides in University Park, Illinois.

16. Plaintiff Jason Stebbins is, and at all times mentioned herein has been, an individual citizen of the State of Illinois. Mr. Stebbins currently resides in Schaumburg, Illinois.

17. Plaintiff Julia Bloom Stebbins is, and at all times mentioned herein has been, an individual citizen of the State of Florida. Ms. Stebbins encountered an Amazon Alexa device while in Schaumburg, Illinois.

18. Plaintiff Sandy White is, and at all times mentioned herein has been, an individual citizen of the State of Illinois. Ms. White currently resides in Chicago, Illinois.

19. Plaintiff Becky White is, and at all times mentioned herein has been, an individual citizen of the State of Illinois. Ms. White currently resides in Sandwich, Illinois.

20. Plaintiff Cheri Ann Clarke is, and at all times mentioned herein has been, an individual citizen of the State of Illinois. Ms. White currently resides in Oak Forest, Illinois

21. Defendant Amazon.com, Inc. is a Delaware corporation with its headquarters located at 410 Terry Avenue North, Seattle, Washington, 98109. Amazon conducts business throughout this County, the State of Illinois, and the United States.

22. Defendant Amazon.com Services, Inc. is a Delaware corporation with its headquarters located at 410 Terry Avenue North, Seattle, Washington, 98109. Amazon conducts business throughout this County, the State of Illinois, and the United States.

### JURISDICTION AND VENUE

23. This Court has original federal subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332(d) because this is a class action complaint filed under Rule 23 of the Federal Rules of Civil Procedure.

24. Further, this Court has subject matter jurisdiction over this class action pursuant to 28 U.S.C. 1332(d)(2) based on minimal diversity of citizenship between Plaintiff and Defendants and an amount in controversy exceeding $5,000,000.

5

25. Venue is proper in this District based on the Terms and Conditions listed on Amazon.com that stipulate all disputes or claims will be adjudicated in the state or Federal courts in King County, Washington, and Plaintiffs must consent to exclusive jurisdiction and venue in these courts.

### FACTUAL ALLEGATIONS

**I.    The Biometric Information Privacy Act**

26. BIPA provides valuable privacy rights, protections, and benefits to citizens of Illinois.

27. In passing BIPA, the Illinois General Assembly found that major national corporations started using Chicago and other locations in Illinois in the early 2000s to test "new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias" 740 ILCS 14/5(b). Given its relative infancy, an overwhelming portion of the public became weary of this then-growing yet unregulated technology. See 740 ILCS 14/5.

28. In late 2007, a biometrics company called Pay by Touch, which provided major retailers throughout the State of Illinois with fingerprint scanners to facilitate consumer transactions, filed for bankruptcy. The bankruptcy was alarming to the Illinois General Assembly because there was suddenly a serious risk that millions of fingerprint records – which, similar to other unique biometric identifiers, can be linked to people's sensitive financial and personal data – could now be sold, distributed, or otherwise shared through the bankruptcy proceedings without adequate protections for Illinois citizens. The bankruptcy also highlighted the fact that most consumers who used the company's fingerprint scanners were completely unaware the scanners were not transmitting fingerprint data to the retailer who deployed the scanner, but rather to the now- bankrupt company, and that their unique biometric identifiers could now be sold to unknown third parties.

29. Recognizing the "very serious need [for] protections for the citizens of Illinois when it [came to their] biometric information," Illinois enacted BIPA in 2008. See Illinois House Transcript, 2008 Reg. Sess. No. 276; 740 ILCS 14/5.

30. The Illinois General Assembly explicitly acknowledged that Biometrics "are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." 740 ILCS 14/5(c)

31. To that end, under BIPA a private entity, such as Amazon, in possession of biometric identifiers must develop:

> a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid wan-ant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines.

740 ILCS 14/15(a).

32. Biometric identifiers include fingerprints, retina and iris scans, voiceprints, and scans of hand and face geometry. See 740 ILCS 14/10. Biometric information is separately defined to include any information based on an individual's biometric identifier that is used to identify an individual. *Id*.

33. BIPA also establishes standards for how companies must handle Illinois citizens' biometric identifiers and biometric information. See, e.g., 740 ILCS 14/15(c)-(d). For example, BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without first obtaining consent for that disclosure. See, 740 ILCS 14/15(d)(1).

7

34. BIPA also prohibits selling, leasing, trading, or otherwise profiting from a person's biometric identifiers or biometric information (740 ILCS 14/15(c)) and requires companies to develop and comply with a written policy – made available to the public – establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting such identifiers or information has been satisfied or within three years of the individual's last interaction with the company, whichever occurs first. 740 ILCS 14/15(a).

35. Furthermore, BIPA is an informed consent statute which achieves its goal by making it unlawful for a company to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:

 a. Informs the subject in writing that a biometric identifier or biometric information is being collected or stored;

 b. Informs the subject in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

 c. Receives a written release executed by the subject of the biometric identifier or biometric information.

36. In order to enforce these and other requirements, BIPA provides individuals with a private right of action, protecting their right to privacy regarding their biometrics as well as protecting their rights to know the precise nature for which their biometrics are used and how they are being stored and ultimately destroyed. Unlike other statutes that only create a right of action if there is a qualifying data breach, BIPA strictly regulates the manner in which entities may collect, store, use, and disseminate biometrics and creates a private right of action for lack of statutory compliance.

**II.     Amazon Violates the Illinois Biometric Information Privacy Act as a Matter of Course**

37.     Alexa devices record and respond to oral communications upon hearing the wake word (usually "Alexa"), as in, "Alexa, will it rain today?" Once an Alexa device recognizes the wake word, the Alexa device records the oral communication that follows, including ambient speaking in the background not even meant for Alexa. The Alexa device transmits all of these oral communications to Amazon's servers. Amazon then indefinitely stores copies of all recordings on its own servers for continued use and analysis.

38.     Amazon does not inform Alexa users in writing that Alexa is collecting and storing indefinitely biometric information or biometric identifiers.

39.     Nor does Amazon receive a written release executed by Alexa users consenting to collection, capturing, purchase, or retention of biometric information or biometric identifiers.

40.     Furthermore, Amazon does not inform bystanders – people who speak in the vicinity of Alexa devices but do not own Alexa devices nor have Alexa accounts – in writing that Alexa is collecting biometric information or biometric identifiers.  This would include people who speak in the vicinity of Alexa devices but do not own Alexa devices nor have Alexa accounts.

41.     Nor does Amazon inform minors who speak in the vicinity of Alexa devices, or their legally authorized representative, in writing that Alexa is collecting biometric information and/or biometric identifiers.

42.     Likewise Amazon does not receive a written release executed by bystanders who speak in the vicinity of Alexa devices but do not own Alexa devices nor have Alexa accounts, consenting to collect, capture, purchase, or retain their biometric identifier or biometric information.

43.     Amazon's website does not have written, publicly available policy identifying its biometrics retention schedule, nor guidelines for permanently destroying a person's biometric identifiers when they are no longer needed.

**PLAINTIFF SPECIFIC ALLEGATIONS**

44. Plaintiffs Donna Rucker, Lucia Flores, Becky White, Jason Stebbins, Sandy White, and Cheri Ann Clarke each owns an Amazon Echo equipped with Alexa services

45. Plaintiffs have each been voice-recorded by Alexa devices in Illinois on numerous occasions without Amazon obtaining a written release that complies with BIPA.

46. When Plaintiffs spoke in proximity to an Alexa device while the Alexa device was recording, Amazon recorded and stored Plaintiffs' voices in its databases and on its servers.

47. On information and belief, Amazon retained the recording of the Plaintiffs and subjected the audio recording to data analysis calculated to create a voiceprint or recognize the voice of each of the Plaintiffs.

48. As of May 20, 2021, Plaintiff Julia Bloom Stebbins was not, and never had been, a purchaser of any Alexa device. Plaintiff Bloom Stebbins has never set up an Alexa account or downloaded the Alexa application.

49. Nevertheless, Plaintiff Bloom Stebbins understands that she has been voice-recorded by Alexa devices in Illinois on numerous occasions without Amazon obtaining her written consent in compliance with BIPA.

50. When Plaintiff Bloom Stebbins spoke in proximity to an Alexa device while the Alexa device was recording, Amazon recorded and stored her voice in its database and on its servers.

51. Plaintiffs never consented, agreed, or gave permission – written or otherwise – that complies with BIPA to Amazon to collect or store their biometric identifiers or biometric information.

52. On information and belief, Amazon is and at all relevant times was or should have been aware of its obligations under BIPA, nevertheless, Amazon intentionally and/or recklessly captured, collected, and/or retained Plaintiffs' biometric identifier and/or biometric information without complying with BIPA's requirements.

53. As a result, Amazon's violation was willful inasmuch as it knew, or reasonably should have known, that it was failing to comply with the above-described requirements of BIPA.

## CLASS ACTION ALLEGATIONS

54. Class Definitions: Plaintiffs bring this action pursuant to 735 ILCS 5/2-801, *et seq.*, on behalf of themselves individually and the following classes (the "Classes") of similarly situated individuals, defined as follows:

> The "Illinois Class" brought by Plaintiffs Rucker, Flores, S. White, Stebbins, B. White, and Clarke:
>
> All individuals in Illinois who, from the date five years prior to the date of the filing of this action plus any additional tolling period to the date of class certification of this action, (1) have registered Alexa Accounts, (2) spoke in the vicinity of an Alexa device and (3) had Amazon create, capture, and/or stored their voice recordings or voiceprint.
>
> The "Illinois Bystander Sub-Class" bought by Plaintiff Bloom Stubbins:
>
> All individuals in Illinois who, from the date five years prior to the date of the filing of this action to the date of class certification of this action (1) do not have registered Alexa Accounts and (2) spoke in the vicinity of an Alexa device and (3) for whom Amazon created and stored their voice recordings.

Excluded from the class are Defendants' officers and directors, Plaintiffs' counsel, and any member of the judiciary presiding over this action.

55. **Numerosity:** The exact number of class members is unknown and is not available to Plaintiffs at this time, but it is clear that individual joinder in this case is impracticable. Class members can easily be identified through Defendants' records.

56. **Common Questions:** There are several questions of law and fact common to the claims of Plaintiff and the Class members, and those questions predominate over any questions that may affect individual Class members. Common questions include, but are not limited to, the following:

11

a. whether Defendants have a practice of capturing or collecting biometric identifiers and/or biometric information recorded ;

b. whether Defendants developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of the individual's last interaction with Defendants, whichever occurs first;

c. whether Defendants obtained executed written releases from individuals who had their biometric identifiers and/or biometric information recorded before capturing, collecting, or otherwise obtaining those biometrics;

d. whether Defendants obtained executed written releases from Plaintiffs and the class before capturing, collecting, converting, sharing, storing or using their biometric identifiers and/or biometric information; and

e. whether Defendants made available to the public, a written policy establishing a retention schedule and guidelines for permanently destroying biometric identifiers in compliance with BIPA.

57. **Adequacy of Representation:** Plaintiffs will fairly and adequately represent and protect the interest of the class and have retained competent counsel experienced in complex litigation and class action litigation. Plaintiffs have no interests antagonistic to those of the class, and Defendants have no defenses unique to Plaintiffs.

58. **Appropriateness:** Class proceedings are also superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. Even if Class members were able or willing to pursue such individual litigation, a class action would still be preferable due to the fact that a multiplicity of individual actions would likely increase the expense and time of litigation given the complex legal and factual controversies presented in this Class Action Complaint. A class action, on the other hand, provides the benefits of fewer management difficulties, single adjudication, economy of scale, and comprehensive

supervision before a single Court, and would result in reduced time, effort and expense for all parties and the Court, and ultimately, the uniformity of decisions.

COUNT I – FOR DAMAGES AGAINST DEFENDANTS

VIOLATION OF 740 ILCS 14/15(A) – FAILURE TO INSTITUTE, MAINTAIN, AND ADHERE TO

PUBLICLY AVAILABLE RETENTION SCHEDULE

59. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

60. BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention – and, importantly, deletion – policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. See 740 ILCS 14/15(a).

61. Defendants failed to comply with these BIPA mandates.

62. Amazon is a Delaware corporation and thus qualify as "private entit[ies]" under BIPA. See 740 ILCS 14/10.

63. Plaintiffs' and the Class members' voice recordings and voiceprints are "biometric identifiers" or "biometric information" pursuant to 740 ILCS 14/10.

64. Amazon systematically and automatically collected, used, and stored Plaintiffs' and the Class members' biometric identifiers or biometric information without first obtaining the specific written release required by 740 ILCS 14/15(b)(3).

65. Amazon did not properly inform Plaintiffs or the Class members in writing that, their biometric identifiers or biometric information were being collected and stored, nor did it inform them in writing of the specific purpose and length of term for which their biometric identifiers or biometric information were being collected, stored, and used as required by 740 ILCS 14/15(b)(1)-(2).

66. By collecting, storing, and using Plaintiffs' and the Class members' biometric identifiers or biometric information as described herein, Amazon violated Plaintiffs' and The Class members' rights to privacy in their biometric identifiers as set forth in BIPA.

67. On behalf of themselves and the Class, Plaintiffs seek: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiffs and the Class by requiring each Defendant to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

**COUNT II – FOR DAMAGES AGAINST DEFENDANTS**

**VIOLATION OF 740 ILCS 14/15(B) – FAILURE TO OBTAIN INFORMED WRITTEN CONSENT AND RELEASE BEFORE OBTAINING BIOMETRIC IDENTIFIERS OR INFORMATION**

68. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

69. BIPA requires companies to obtain informed written consent from users before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information…" 740 ILCS 14/15(b).

70. Defendants fail to comply with these BIPA mandates.

71. Amazon is a Delaware corporation and thus qualify as "private entit[ies]" under BIPA. See 740 ILCS 14/10.

72. Plaintiffs and the Class are individuals who have had their "biometric identifiers" collected by Defendants, as explained in detail above. See 740 ILCS 14/10.

73. Plaintiffs' and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. See 740 ILCS 14/10.

74. Defendants systematically and automatically collected, used, stored and disseminated Plaintiffs' and the Class's biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

75. Defendants never informed Plaintiffs and the Class in writing that their biometric identifiers and/or biometric information were being collected, stored, used and disseminated, nor did Defendants inform Plaintiffs and the Class in writing of the specific purpose(s) and length of term for which their biometric identifiers and/or biometric information were being collected, stored, used and disseminated as required by 740 ILCS 14/15(b)(1)-(2).

76. By collecting, storing, using and disseminating Plaintiffs' and the Class's biometric identifiers and biometric information as described herein, Defendants violated Plaintiffs' and the Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA. See 740 ILCS 14/1, et seq.

77. On behalf of themselves and the Class, Plaintiffs seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiffs and the Class by requiring Defendants to comply with BIPA's requirements for the collection, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

**COUNT III – FOR DAMAGES AGAINST DEFENDANTS**

**VIOLATION OF 740 ILCS 14/15(d) – DISCLOSURE OF BIOMETRIC IDENTIFIERS AND INFORMATION BEFORE OBTAINING CONSENT**

78. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

79. BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without first obtaining consent for that disclosure. See 740 ILCS 14/15(d)(1).

80. Defendants fail to comply with this BIPA mandate.

81. Defendants are Delaware corporations and thus qualify as "private entit[ies]" under BIPA. See 740 ILCS 14/10.

82. Plaintiffs and the Class are individuals who have had their "biometric identifiers" collected by Defendants, as explained in detail above. See 740 ILCS § 14/10.

83. Plaintiffs' and the Class' biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. See 740 ILCS § 14/10.

84. On information and belief Defendants systematically and automatically disclosed, redisclosed, or otherwise disseminated Plaintiffs' and the Class's biometric identifiers and/or biometric information without first obtaining the consent required by 740 ILCS 14/15(d)(1).

85. By disclosing, redisclosing, or otherwise disseminating Plaintiffs' and the Class's biometric identifiers and biometric information as described herein, Defendants violated Plaintiffs' and the Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA. See 740 ILCS 14/1, et seq.

86. On behalf of herself and the Class, Plaintiffs seek: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiffs and the Class by requiring Defendants to comply with BIPA's requirements for the collection, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS

14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of the Class of similarly situated individuals, prays for an Order as follows:

A. Finding this action satisfies the prerequisites for maintenance as a class action set forth in 735 ILCS 5/2-801, *et seq.*, and certifying the Class as defined herein;

B. Designating and appointing Plaintiffs as representatives of the Class and Plaintiffs' undersigned counsel as Class Counsel;

C. Declaring that Defendants' actions, as set forth above, violate BIPA;

D. Awarding Plaintiffs and the Class members statutory damages of $5,000 for *each* intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2); statutory damages of $1,000 per *each* negligent violation of BIPA pursuant to 740 ILCS 14/20(1);

E. Declaring that Defendants' actions, as set forth above, were intentional or reckless;

F. Declaring that Defendants' actions, as set forth above, were negligent;

G. Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiffs and the Class, including an Order requiring Defendants to collect, store, use and disseminate biometric identifiers and/or biometric information in compliance with BIPA;

H. Awarding Plaintiffs and the Class members reasonable attorneys' fees and costs incurred in this litigation pursuant to 740 ILCS 14/20(3);

I. Awarding Plaintiffs and the Class pre- and post-judgment interest, to the extent allowable; and

J. Granting all such other and further relief as the Court deems just and appropriate.

17

Case: 1:21-cv-04064 Document #: 1 Filed: 06/28/21 Page 18 of 18 PageID #:18

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby request a jury trial on all issues so triable.

Respectfully submitted,

Dated: June 28, 2021

By: */s/ David B. Richardson*
David B. Richardson
Law Offices of David B. Richardson, P.S.
2135 112th Ave., N.E., Suite 200
Bellevue, WA 98004
Ph: 425-646-9801
Fax: 425-451-2661
Email: david@dbrlaw.com

Brandon M. Wise*
PEIFFER WOLF CARR
KANE & CONWAY, LLP
818 Lafayette Ave., Floor 2
St. Louis, MO 63104
Ph: 314-833-4825
Email: bwise@prwlegal.com

Aaron Siri, Esq.*
Mason Barney, Esq.*
SIRI & GLIMSTAD LLP
200 Park Avenue, 17th Floor
New York, NY 10166
Telephone: 212-532-1091
Email: aaron@sirillp.com
Email: mbarney@sirillp.com

COUNSEL FOR PLAINTIFF AND THE CLASSES

*(*Pro Hac Vice* To Be Filed)