**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| BENNETT WILCOSKY *et al.*, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 1:19-cv-05061 |
| v. | ) ) | |
| AMAZON.COM., and AMAZON.COM SERVICES, LLC, | ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| LUCIA FLORES *et al.*, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 1:21-cv-04064 |
| v. | ) ) | |
| AMAZON.COM., and AMAZON.COM SERVICES, LLC, | ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| CAROL COOPER, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 1:21-cv-04633 |
| v. | ) ) | |
| AMAZON.COM., and AMAZON.COM SERVICES, LLC, | ) ) ) | |
| Defendants. | ) | |

**<u>JOINT STATUS REPORT</u>**

Pursuant to the Court's October 8, 2021 Order directing the parties to file a joint status report as to the status of a proposed plan to consolidate or coordinate the three related cases (1:19-cv-05061, 1:21-cv-04064, and 1:21-cv-04633), Plaintiffs Bennett Wilcosky; Michael Gunderson; Michael Gunderson as next friend of E.G., a minor; Lucia Flores; Donna Rucker; Jason Stebbins; Sandy White; Julie Bloom Stebbins; Cheri Anne Clarke; Becky White; and Carol Cooper (collectively, "Plaintiffs") and Defendants Amazon.com, Inc. and Amazon.com Services, Inc. (collectively "Amazon") respectfully submit this joint status report:

I.    **Procedural History**

1.    In June 2019, Plaintiffs Bennett Wilcosky, Michael Gunderson, and Michael Gunderson as next friend of E.G., a minor, filed class action claims in the Circuit Court of Cook County against Amazon for alleged violations of Illinois' Biometric Information Privacy Act, 740 ILCS 14/1 et seq. ("BIPA"). In July 2019, Amazon removed the case to this Court.  The case is styled *Wilcosky et al. v. Amazon.com, Inc. et al.*, No. 1:19-cv-05061 ("*Wilcosky*").   Plaintiffs' allegations in *Wilcosky* relate to Amazon's Alexa devices, which Plaintiffs allege "collect voiceprints" in violation of Sections 15(a) and 15(b) of BIPA.

2.    On February 5, 2021, the Court found Wilcosky's and Gunderson's claims were subject to arbitration and dismissed them without prejudice.  Dkt. 60.  The Court reserved ruling on Amazon's motion to compel the claims of plaintiff E.G. subject to further briefing.  *Id.*

3.    In May 2021, Amazon modified its Conditions of Use to: (1) remove Amazon's mandatory arbitration clause and class-action waiver; and (2) require that state or Federal Courts in King County, Washington be the exclusive jurisdiction and venue to resolve disputes with Amazon.

4.      On June 28, 2021, Plaintiffs Lucia Flores, Donna Rucker, Jason Stebbins, Sandy White, Julie Bloom Stebbins, Cheri Anne Clarke, and Becky White filed class action claims against Amazon in the United States District Court for the Western District of Washington alleging Amazon's collection of voiceprints violates BIPA Sections 15(a), 15(b), and 15(d).  The case is styled *Flores et al. v. Amazon.com, Inc. et al.*, No. 2:21-cv-00873 ("*Flores*").

5.      On July 7, 2021, Plaintiff Carol Cooper filed class action claims against Amazon in the United States District Court for the Western District of Washington alleging Amazon's collection of voiceprints violates BIPA Sections 15(a), 15(b), 15(c), 15(d), and 15(e).  The case is styled *Cooper v. Amazon.com, Inc. et al.*, No. 2:21-cv-00915 ("*Cooper*").

6.      Pursuant to Amazon's request, plaintiffs in *Flores* and *Cooper* stipulated to transfer venue to this Court pursuant to 28 U.S.C. § 1404(a), filing stipulations on July 29, 2021 and July 30, 2021, respectively.

7.      On August 2, 2021, *Flores* was opened in this Court as Case No. 1:21-cv-04064, and assigned to the Honorable Mary M. Rowland.

8.      On August 25, 2021, *Flores* was reassigned to the Honorable Franklin U. Valderrama for all further proceedings.

9.      On August 31, 2021, *Cooper* was opened in this Court as Case No. 1:21-cv-04633, and assigned to the Honorable Elaine E. Bucklo.

10.      On September 6, 2021, *Cooper* was reassigned to the Honorable Franklin U. Valderrama for all further proceedings.

11.      On October 8, 2021, the Court directed the parties to file a joint status report regarding the status of a proposed plan to consolidate or coordinate *Wilcosky*, *Flores*, and *Cooper*.

## II.     The Parties' Proposals on Coordinating Proceedings

Counsel for *Wilcosky*, *Flores*, and *Cooper* have agreed to coordinate motion practice and discovery in the actions and simplify issues where needed.  Counsel for all plaintiffs are in agreement to file an amended complaint in *Flores* joining Cooper as a party and incorporating *Cooper*'s Section 15(c) and 15(e) claims not currently alleged in *Flores*.  This will leave only two cases pending—*Wilcosky* and *Flores*—with counsel coordinating the actions.  Amazon agrees that the cases should be coordinated in some fashion, but believes that the better approach is to consolidate all three cases so that only one case is pending.  The parties also agree to confer and submit the following by the proposed deadlines:

| Action | Deadline |
|---|---|
| Plaintiffs to file leadership motion under Rule 23(g) | November 9, 2021 |
| Parties to conduct Rule 26(f) conference and submit Joint Initial Status Report governing all cases | December 17, 2021 |

## III.     Plaintiffs' Current Opposition to Filing a Master Consolidated Complaint

At this juncture, all plaintiffs oppose filing a master consolidated complaint in *Wilcosky* because of a preliminary legal issue that may have an impact on the putative class members' rights.  In other cases against Amazon alleging BIPA violations, Amazon has sought dismissal based on a Washington choice-of-law clause in its Conditions of Use.  *See Hogan v. Amazon.com, Inc.*, Case No. 1:21-cv-03169 (N.D. Ill.), Dkt. 36.  Amazon has indicated to Plaintiff's counsel that it "anticipate[s]" it will assert this defense here.

The analysis for whether Amazon's choice-of-law clause prohibits plaintiffs from asserting claims under Illinois' BIPA may differ for *Wilcosky* and *Flores*.  The United States Supreme Court has explained that when a case is transferred under 28 U.S.C. § 1404(a), the law

applicable in the original venue, including the conflict of laws/ choice of law analysis, is applied in the transferee court. *See Ferens v. John Deere Co.*, 494 U.S. 516, 523 (1990) ("We decide that . . . a transferee forum [is] to apply the law of the transferor court, regardless of who initiates the transfer. A transfer under § 1404(a), in other words, does not change the law applicable to a diversity case."); *Atlantic Marine Constr. Co. v. U.S. Dist. Court*, 571 U.S. 49, 65 (2013) ("A federal court sitting in diversity ordinarily must follow the choice of law rules of the State in which it sits. However, we previously identified an exception to that principle for §1404(a) transfers, requiring that the state law applicable in the original court also apply in the transferee court.") (citations omitted).

Thus, in *Wilcosky*, the Court will look to Illinois case law to determine whether plaintiffs' claims should be dismissed based on Amazon's choice-of-law provision. In *Flores*, the Court will look to Washington case law to make this determination. The case law in these jurisdictions differs. But if a master consolidated complaint is filed in *Wilcosky*, plaintiffs in *Flores*/*Cooper* risk merging the claims and relinquishing their rights of applying the law of the transferor court (Washington) to this issue. *See, e.g.*, *In re Fluidmaster, Inc.*, 149 F. Supp. 3d 940, 947-48 (N.D. Ill. 2016). Plaintiffs do not wish to waive such substantive rights by filing a master consolidated complaint—particularly when there will only be two cases pending before the Court with all counsel working cooperatively to coordinate the proceedings.

Moreover, before responsive pleadings are due, plaintiffs in *Wilcosky* anticipate filing a preliminary motion challenging the enforceability of Amazon's choice-of-law clause on the grounds of waiver and public policy, which may impact/negate the need to brief the choice-of-law issue and allow for consolidation without waiving substantive rights of plaintiffs and the putative class members. Therefore, to avoid duplication of effort and in the interest of judicial

5

economy, Plaintiffs propose that responsive pleading deadlines in *Wilcosky*, *Flores*, and *Cooper* be stayed and the following schedule be entered for preliminary motions, amended pleadings, and responsive pleadings/motions:

| Action | Deadline |
|---|---|
| Plaintiffs to file motion challenging choice-of-law clause | November 5, 2021 |
| Amazon's Response | 21 days after filing |
| Plaintiffs' Reply | 10 days after filing |
| Plaintiffs to file Amended Complaint in *Flores* or Master Consolidated Complaint in *Wilcosky* | 30 days after Court's ruling on Motion |
| Amazon to file 12(b) Motion | 30 days after Complaint filed |

Alternatively, if the Court does not wish to stay pleading deadlines in *Flores*/*Cooper*, Plaintiffs propose the following pleading and briefing deadlines:

| Action | Deadline |
|---|---|
| *Flores* to file amended complaint joining Cooper | November 9, 2021 |
| Amazon to file 12(b) Motion in *Flores* and *Wilcosky* | December 23, 2021 |
| Plaintiffs' Response | January 27, 2022 |
| Amazon's Reply | February 17, 2022 |

## IV. Amazon's Position

Amazon agrees with Plaintiffs that the cases should be coordinated in some fashion. However, Amazon submits that Plaintiffs' proposal to consolidate *Flores* and *Cooper* while keeping *Wilcosky* separate is unwieldy and unnecessary. All three cases should be consolidated. The legal claims in all three cases are materially identical. All three cases allege BIPA claims arising from their use of Amazon's Alexa products, which Plaintiffs allege collect their

voiceprints in violation of BIPA.  With the exception of a small set of discovery specific to the named Plaintiffs, discovery in all three cases is likely to be identical.  Amazon's witnesses will be the same in all three cases.  Given the nearly complete overlap between the legal and factual issues in all three cases, Plaintiffs should file a consolidated amended complaint encompassing the three cases, and Amazon can respond to that complaint.  Consolidating the *Flores* and *Cooper* cases while keeping *Wilcosky* separate, as Plaintiffs suggest, would create duplicative work and inefficiencies for both the parties and the Court.

Plaintiffs' sole basis for proposing this unruly structure is that Amazon may raise a choice of law defense (in particular, the argument that the Washington choice of law provision in Amazon's Terms of Service precludes application of BIPA) for which the legal analysis may differ among the cases.  This is not a sufficient basis to decline to consolidate *Wilcosky* with *Flores* and *Cooper*.  Even if Plaintiffs are correct that there may be differences in the choice of law issue among the named Plaintiffs—and Plaintiffs identify no differences between Washington and Illinois law—such differences would not justify keeping *Wilcosky* separate from *Cooper* and *Flores*.  Separate from choice of law, Amazon anticipates raising other legal issues that apply to all three cases.  Briefing these issues both in *Flores* and in the consolidated cases would be duplicative and wasteful.  The parties can address any variations in choice of law arguments in their Rule 12 briefing, as is routinely done in consolidated cases where different laws may apply to different plaintiffs' claims (for example, variations in state warranty or consumer fraud law in MDL proceedings).  The basis of Plaintiffs' concern that they may "waive . . . substantive rights" by filing a consolidated complaint is not clear.  Plaintiffs cite *In re Fluidmaster, Inc.*, 149 F. Supp. 3d 940, 947-48 (N.D. Ill. 2016), but that case has nothing to do with whether a party relinquishes its rights by joining an amended complaint; it discusses the

difference between a "master" consolidated complaint and an "administrative" consolidated complaint in an MDL. In any event, Amazon will not argue that any Plaintiff has waived any substantive rights by filing a consolidated complaint.

Amazon also strongly disagrees with Plaintiffs' proposal to "fil[e] a preliminary motion challenging the enforceability of Amazon's choice-of-law clause on the grounds of waiver and public policy" before any amended complaint is even filed. This proposal would cause needless delay for an issue that can easily be dealt with in the ordinary course of the litigation. It does not make sense for Plaintiffs to file a motion to challenge the enforceability of a choice of law clause in the abstract, before Amazon has even attempted to enforce the choice of law clause against any Plaintiff and without seeing Amazon's legal arguments or the context in which they are made. Plaintiffs' proposal would also force the Court to deal with relevant legal issues *seriatim*, through Plaintiffs' "preliminary motion" followed by Amazon's anticipated motion to dismiss. This approach would only further delay these cases. As the Court knows, choice of law issues are raised and decided in Rule 12 briefing in federal district courts all the time. These cases should be no different.

Amazon respectfully submits that the Court should enter the following schedule:

| Action | Deadline |
|---|---|
| Plaintiffs to file Consolidated Amended Complaint in *Cooper*, *Flores*, and *Wilcosky* | November 9, 2021 |
| Amazon to file 12(b) Motion in *Flores* and *Wilcosky* | December 23, 2021 |
| Plaintiffs' Response | January 27, 2022 |
| Amazon's Reply | February 17, 2022 |

Dated: October 21, 2021

**PLAINTIFFS LUCIA FLORES, DONNA RUCKER, JASON STEBBINS, SANDY WHITE, JULIE BLOOM STEBBINS, CHERI ANNE CLARKE, BECKY WHITE**

By: */s/ Brandon M. Wise*
    One of Their Attorneys

    Brandon M. Wise
    PEIFFER WOLF CARR
    KANE & CONWAY, LLP
    818 Lafayette Ave., Floor 2
    St. Louis, MO 63104
    Ph: 314-833-4825
    Email: bwise@peifferwolf.com.com

**PLAINTIFFS BENNETT WILCOSKY, MICHAEL GUNDERSON, AND MICHAEL GUNDERSON, AS NEXT FRIEND OF E.G., A MINOR**

By: */s/ Michael Aschenbrener*
    One of Their Attorneys

    Michael James Aschenbrener
    Adam C York KAMBERLAW LLC
    220 N Green St
    Chicago, IL 60607
    (212) 920-3072
    masch@kamberlaw.com
    ayork@kamberlaw.com

**PLAINTIFF CAROL COOPER**

By: *Kevin Green*
    One of Her Attorneys

    Kevin P. Green
    GOLDENBERG HELLER &
    ANTOGNOLI, P.C.
    2227 South State Route 157
    Edwardsville, IL 62025
    (618) 656-5150
    kevin@ghalaw.com

Respectfully submitted,
**AMAZON.COM, INC. AND AMAZON.COM SERVICES, INC.**

By: */s/ Gregory T. Fouts*
    One of Their Attorneys

    Elizabeth B. Herrington
    beth.herrington@morganlewis.com
    Gregory T. Fouts
    gregory.fouts@morganlewis.com
    Alex D. Berger
    alex.berger@morganlewis.com
    MORGAN, LEWIS & BOCKIUS LLP
    110 North Wacker Drive
    Chicago, IL 60606-1511
    Telephone: +1.312.324.1000
    Facsimile: +1.312.324.1001

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2021, the foregoing was filed with the Court Clerk via the Court's electronic filing system and served on upon all counsel of record via the Court's electronic notification system.


                         */s/ Brandon M. Wise*